ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| HÉCTOR MORENO TIRADO; et al<br><br>Apelado<br><br>v.<br><br>DARLENE ACEVEDO RUIZ; et al<br><br>Apelante | **KLAN202400814** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Aguadilla<br><br>Civil Núm. AU2022CV00442<br><br>Sobre: Retracto de Colindantes |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece ante este foro, la Sra. Darlene Acevedo Ruiz (señora Acevedo o "la apelante")[1] y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Aguada, notificada el 5 de agosto de 2024. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la demanda presentada por el Sr. Héctor Moreno Tirado (señor Tirado o "el apelado").[2] Consecuentemente, ordenó a la apelante a que vendiera la propiedad en controversia al apelado por el mismo precio que había sido adquirida.

---

[1] La parte demandada-apelante se compone de Darlene Acevedo Ruiz, Yaritza Acevedo Ruiz, la Sucesión José Adán Acevedo Medina; Sucesión "S" Desconocida, Sucesión "T" Desconocida, Jesús Morales Caro, Dinora Nazario Morales, y la Sociedad Legal de Gananciales que éstos componen, James Moreno, Wilfredo Moreno Cardona, Gilberto Moreno Rodríguez, Eduardo Acevedo Moreno, entre otros de nombres desconocidos.

[2] La parte demandante-apelada se compone de Héctor Moreno Tirado, por sí y las Sucesiones Eugenio Moreno Abadía y Etelbina Tirado Ruiz, compuesta por Nelson, Eugenio, Esther, Héctor, Josefa (todos de apellido Moreno Tirado), además de: Josefa Moreno Rodríguez, Gilberto Moreno Rodríguez, James Moreno, Wilfredo Moreno Cardona, Grisel Moreno Salteres, Gilberto Moreno Rodríguez, Ramón Muñiz Acevedo y Alexandra Muñiz Acevedo.

Número Identificador

SEN2024 _____

Por los fundamentos que se exponen a continuación, **DESESTIMAMOS** el recurso de epígrafe.

I.

El 20 de julio de 2022, el apelado presentó una *Demanda* sobre retracto de colindante contra la parte apelante.[3] El 11 de julio de 2023, presentaron una *Segunda Demanda Enmendada*, para incluir las partes adicionales cuyos nombres desconocían.[4]

Luego de varias incidencias procesales, el 5 de agosto de 2024, el foro primario notificó la *Sentencia* apelada. Mediante la cual, declaró *Ha Lugar* la demanda y, en consecuencia, ordenó a la parte apelante a que vendiera la propiedad en controversia a la parte apelada por el mismo precio que había sido adquirida, más los costos del trámite, y a que comparecieran a la escritura de compraventa, para que la propiedad pudiera ser inscrita en el Registro de la Propiedad.

Inconforme, el 4 de septiembre de 2024, la señora Acevedo recurrió ante este foro mediante el presente recurso, por entender que, el foro primario cometió los siguientes errores:

> ERRÓ EL TPI EN DECLARAR HA LUGAR EL DERECHO A RETRACTO DE COLINDANTES EN UN CLARO ABUSO DE DISCRECIÓN POR NO ESTAR PRESENTES TODOS LOS DUEÑOS DE LA PROPIEDAD QUE RECLAMA EL DERECHO AL RETRACTO DE COLINDANTES, ENTIÉNDASE TODOS LOS COMPONENTES DE LA COMUNIDAD HEREDITARIA DENTRO DEL TÉRMINO DE 30 DÍAS ESTATUTARIO.

> ERRÓ EL TPI EN DECLARAR HA LUGAR EL DERECHO DE RETRACTO DE COLINDANTES SOBRE UNA FINCA NO AGRÍCOLA EN VIOLACIÓN AL LIBRE INTERCAMBIO DE BIENES.

Estando pendiente el recurso, el 13 de septiembre de 2024, la parte apelada presentó una *Solicitud de*

---

[3] *Demanda*, anejo III, págs. 24-32 del apéndice del recurso.
[4] *Segunda Demanda Enmendada*, anejo IV, págs. 33-51 del apéndice del recurso.

*Desestimación al Amparo de la Regla 83 Reglamento del Tribunal de Apelaciones*. En esta, indicó que la parte apelante incumplió con el Reglamento del Tribunal de Apelaciones, al no notificarle el recurso al foro primario dentro de las 72 horas siguientes a la presentación del escrito. Por ello, solicitó que el recurso fuera desestimado por incumplimiento de las normas procesales establecidas en el Reglamento de este Foro.

El 19 de septiembre de 2024, emitimos una *Resolución* otorgándole un término de diez (10) días a la parte apelante para que se expresara sobre la referida moción.

Así las cosas, el 30 de septiembre de 2024, la señora Acevedo presentó su *Moción en Cumplimiento de Orden*. En esta, argumentó haber notificado a las partes sobre el recurso el mismo día que fue presentado, por lo que, no causó perjuicio a ninguna parte. Añadió que, había tenido que salir de la jurisdicción por una situación de salud de su madre, y su asistente, también tuvo un incidente con su hijo, y al salir con urgencias, olvidó subir la moción.

Evaluados los argumentos de las partes, disponemos del asunto ante nuestra consideración.

**II.**

**-A-**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para

adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

En ese sentido, en reiteradas ocasiones nuestro Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por estas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles,* supra.

-B-

Nuestro ordenamiento jurídico concede a todo ciudadano el derecho estatutario a revisar las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589-590 (2019).

Sin embargo, este derecho está sujeto a limitaciones legales y reglamentarias, por ejemplo, su correcto perfeccionamiento. *Íd*. Particularmente, la Regla 14 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 14, exige la oportuna presentación y notificación del recurso al foro apelado. La citada Regla 14 dispone, en lo pertinente:

> (A) La apelación se formalizará presentando el original del escrito de apelación y tres copias en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada.

> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, **la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.**

> […] (Énfasis Nuestro).

Además, la Regla 14(B) de nuestro Reglamento, *supra*, exige notificar a la Secretaría del foro apelado, copia de la cubierta de la apelación presentada ante el Tribunal de Apelaciones, a modo de notificarle que su dictamen ha sido apelado. Para tales fines, la referida regla concede al apelante un término de setenta y dos horas, de cumplimiento estricto, contados a partir de la presentación del recurso. *Íd*. Es menester recalcar que, la falta de notificación al foro inferior sobre la presentación de un recurso apelativo, en el término de cumplimiento estricto de setenta y dos horas concedido, y sin acreditar justa causa, incide sobre la

jurisdicción del tribunal revisor. *Isleta v. Inversiones Isleta Marina,* supra, pág. 591.

Con respecto a la acreditación de justa causa, en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013), el Tribunal Supremo reiteró lo siguiente:

> […] La acreditación de justa causa se hace con explicaciones concretas y particulares —debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. (Énfasis suprimido).

En ese sentido, para que un Tribunal pueda eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016*); Soto Pino v. Uno Radio Group*, supra, pág. 93.

Es norma reiterada que, la inobservancia de las reglas de los foros apelativos puede imposibilitar la revisión judicial. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017), citando a *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). De manera que, las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos apelativos deben acatarse rigurosamente. *Metro Senior v. AFV*, 209 DPR 203 (2022). Por eso, el incumplimiento con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos puede dar lugar a

la desestimación. *Isleta v. Inversiones Isleta Marina*, supra.

Nuestro Tribunal Supremo ha expresado que "los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley." *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 551 (2017). Es necesario enfatizar que, la ausencia de una oportuna notificación a todas las partes en el litigio y al foro apelado conlleva la desestimación del recurso. *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1071 (2019). A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo, ante la ausencia de jurisdicción.

### III.

En el caso de autos, el 4 de septiembre de 2024, la señora Acevedo presentó el recurso de apelación, en el cual certificó que notificó el recurso a la abogada de los codemandantes, la Lcda. Sonia Enid Rivera a su correo electrónico. A partir de esa fecha, tenía setenta y dos (72) horas para notificarle el recurso a la sede del Tribunal de Primera Instancia que emitió la *Sentencia,* según lo exige la Regla 14(B) de nuestro Reglamento. Por incumplir con el requisito de notificación, el 13 de septiembre de 2024, la parte apelada solicitó la desestimación del recurso.

El 30 de septiembre de 2024, la apelante nos informó que le notificó a la parte apelada el recurso de apelación, el mismo día que fue presentado, por lo que, no causó perjuicio a ninguna parte. A su vez, esbozó que luego de preparar el recurso, tuvo que salir de la

jurisdicción por una situación de salud de su madre. Por lo que, dejó en manos de su asistente enviar los correos certificados a los abogados, sin embargo, indicó que su asistente también tuvo un incidente con su hijo autista y tuvo que salir con urgencia de la oficina y olvidó subir la moción.

No obstante, realizamos una búsqueda en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial, en la cual pudimos constatar que la apelante no acreditó la notificación al foro primario. No fue hasta el 11 de septiembre de 2024, que la Secretaría de este Foro fue quien informó al foro primario que se había presentado el recurso de apelación.

Lo antes expuesto es un menoscabo a la Regla 14(B) de nuestro Reglamento, *supra*. La explicación que ofreció la parte apelante sobre su omisión de notificar al foro primario el recurso, no nos pareció que fue justificada. Primeramente, no nos presentó ningún documento o evidencia que acreditara su alegacion. Segundo, luego de presentado el recurso ante este foro, la señora Acevedo tenía setenta y dos horas, para notificarle el recurso al foro de instancia. Según sus alegaciones, al ella salir de la jurisdicción, su asistente "olvidó subir la moción" al también tener un incidente personal, y cuando advino en conocimiento, ya la *Resolución* de este foro estaba en curso. Aun así, ha transcurrido tiempo en exceso desde la presentación del recurso ante nuestro foro, el 4 de septiembre de 2024, sin que el recurso lo notificara al foro primario.

Por lo tanto, las explicaciones que proveyó la parte apelante no fueron debidamente evidenciadas, como

tampoco acreditó justa causa. En consecuencia, procede la desestimación del recurso por falta de jurisdicción, al incumplir con la Regla 14(B) de nuestro Reglamento.

**IV.**

Por los fundamentos antes expuestos, se **DESESTIMA** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones